# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-07649 MMM (PJWx) | Date | December 12, 2011 |
| Title | *Federal National Mortgage Assoc. v. Martinez, et al.* | | |

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Action Should Not Be Remanded For Lack of Federal Question and Diversity Jurisdiction

## I. BACKGROUND

On August 25, 2011, plaintiffs filed this complaint for unlawful detainer following a foreclosure sale, under California Code of Civil Procedure § 1161a(b)(3).[1] The case was designated as a limited civil case, where the amount demanded did not exceed $10,000. The complaint alleges that plaintiff, Federal National Mortgage Association, is entitled to possession of a parcel of real property located at 210 North Spring Avenue, Compton, CA 90221, after purchasing the property following a foreclosure sale pursuant to a deed of trust executed by defendants.

Defendants David Garcia Martinez and Nora Martinez are currently in possession of the premises, and are the former trustors or holdover occupants of the former trustors. They allegedly defaulted under the terms of the deed of trust that secured the property, and a trustee's sale was subsequently held. The complaint prays for restitution of the property, as well as damages in an amount to be determined at trial.

The defendants removed this action, invoking the court's federal question and diversity jurisdiction. Defendants contend that complete diversity exists between the parties, and that the total

---

[1] Notice of Removal ("Removal"), Docket No. 1 (Sept. 15, 2011), Exh. A ("Complaint").

amount in controversy exceeds $75,000. They also allege that this complaint presents a federal question under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq, as "[t]he loan was originated on January 4, 2008," and the statute of limitations "expires on or about January 4, 2012." Defendants contend that plaintiffs' failure to comply with TILA led to the illegal sale and wrongful foreclosure of the subject property, which ultimately resulted in the filing of this unlawful detainer action.

Defendants have also filed a motion to consolidate this action with another action, *Martinez v. HSCB Bank USA N.A., et al.*, CV No. 11-07649 MMM (PJWx). In that case, the Martinezes are the plaintiffs and allege various causes of action against HSBC Bank and other defendants regarding the foreclosure of the subject property.

## II.  DISCUSSION

### A.  Federal Question Jurisdiction

Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added). Federal question jurisdiction is presumed absent unless defendants, as the party seeking to invoke this court's jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), show that plaintiffs have either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

The question of whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, *supra*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes the plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, *supra*, 482 U.S. at 392. Thus, where the plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."

*Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States.  *Franchise Tax Bd., supra,* 463 U.S. at 13 (1983).  A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action.  Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."  *Merrell Dow, supra*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, supra*, 482 U.S. at 392.  See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  See also *Taylor, supra*, 481 U.S. at 63; *Gully, supra*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").  Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  *Franchise Tax Bd., supra*, 463 U.S. at 14.

Here, the complaint pleads only one cause of action under the California Code of Civil Procedure, which is a claim arising under state law.  The complaint pleads no federal question on its face.  While defendants contend that TILA applies to this case, it is not clear from the complaint or the notice of removal how the plaintiffs' alleged violation of TILA constitutes an essential element of plaintiffs' claim.  Insofar as defendants assert TILA violations as an affirmative defense, as noted above, a federal defense to a state law cause of action does not provide basis for federal question jurisdiction.  Consequently, defendants have failed to meet their burden of demonstrating that federal question jurisdiction exists in this case.

    **B.**    **Diversity Jurisdiction**

        **1.**    **Legal Standard Governing Diversity Jurisdiction**

District courts have original jurisdiction of civil actions between citizens of different states where the matter in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).  First, in any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants.  See *Strawbridge v. Curtis*, 7 U.S. 267 (1806), *overruled in part on other grounds by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497 (1844); see also *Caterpillar Inc.*, 519 U.S. at 68 n. 3 (1996).  For diversity purposes, a corporation

may have dual citizenship. "[A] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

Second, diversity jurisdiction exists only "where the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs . . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity grounds] requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). The "amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).

Where a plaintiff has not specified the amount of damages sought in his or her complaint, the removing defendant bears the burden of showing that the amount in controversy requirement is satisfied by a preponderance of the evidence. See *Singer v. State Farm Mutual Automobile Insurance Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus*, 980 F.2d at 567 (9th Cir. 1992). To meet this burden, defendant must submit "summary-judgment-type evidence" showing that the actual amount in controversy exceeds $75,000. *Singer*, 116 F.3d at 377 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). The defendant must demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). If defendant presents such proof, it becomes plaintiff's burden to show, as a matter of law, that it is certain he or she will not recover the jurisdictional amount. See *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

Jurisdiction, and thus the amount in controversy, is determined at the instant of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997). See also *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"). Cf. *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

### 2.   Whether Defendant Has Demonstrated That the Court Has Diversity Jurisdiction

The notice of removal states that "Plaintiff is domiciled in California with an address of 210

North Spring Avenue, Compton CA 90221."[2] The notice also states that "Defendant is a Delaware corporation with its principal place of business in the District of Columbia."[3] The Martinezes have presumably switched the party designations, and intend to refer to themselves as the removing defendants, and Federal National Mortgage Association as plaintiff. Assuming that this is the case, the Martinezes have shown that there is complete diversity between the parties.

The complaint, however, only alleges in conclusory fashion that the "amount in controversy exceeds $75,000."[4] The Martinezes adduce no proof that plaintiff seeks to place an amount in controversy above that amount. See *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("Allstate did not [meet its burden of proof]. Its only effort was the statement in its 'Petition for Removal' that 'upon information and belief,[it] submit[s] that the amount in controversy … exceeds $75,000.00.' '[I]nformation and belief' hardly constitutes proof 'by a preponderance of the evidence.'"); *Matheson*, 319 F.3d at 1090-1 ("Conclusory allegations as to the amount in controversy are insufficient.").

Consequently, defendants have failed to prove by preponderance of evidence that the amount in controversy meets the jurisdictional minimum.

### III. CONCLUSION

In order to assure proper jurisdiction, the court orders defendants to show cause on or before **January 6, 2012**, why the court should not remand this action to Los Angeles Superior Court for lack of subject matter jurisdiction. Plaintiffs may file a response by **January 17, 2012.**

---

[2]Removal, ¶ 8.

[3]*Id.*

[4]*Id.*