UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-07649 MMM (SPx) | Date | January 26, 2012 |
|---|---|---|---|

| Title | *Federal National Mortgage Association v. Martinez, et al.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction; Denying Motion to Consolidate[6] as Moot

### I. FACTUAL BACKGROUND

On August 25, 2011, plaintiff Federal National Mortgage Association ("Fannie Mae") filed a complaint for unlawful detainer under California Code of Civil Procedure § 1161a(b)(3) against defendants David and Nora Martinez ("the Martinezes").[1]  The case was designated a limited civil case, in which the amount demanded did not exceed $10,000.  The complaint alleges that Fannie Mae is entitled to possession of a parcel of real property located at 210 North Spring Avenue, Compton, CA 90221, because it purchased the property at a foreclosure sale held pursuant to the provisions of a deed of trust.

The Martinezes are currently in possession of the premises, and are the former trustors or holdover tenants of the former trustors.  The trustors allegedly defaulted under a deed of trust that secured the property; as a result, a trustee's sale was held.  The complaint seeks restitution of the property, as well as damages in an amount to be determined at trial.

On September 15, 2011, the Martinezes removed the action, invoking the court's federal

---

[1]Notice of Removal, Docket No. 1 (Sept. 15, 2011), Exh. A ("Complaint").

question and diversity jurisdiction. They allege that the unlawful detainer complaint presents a federal question under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq, because "[t]he loan was originated on January 4, 2008," and the statute of limitations "expires on or about January 4, 2012."[2] Defendants contend that plaintiff's failure to comply with TILA led to the wrongful sale at foreclosure of the property, and that this in turn resulted in the filing of an unlawful detainer action. The Martinezes also contend that the citizneship of the parties is completely diverse, and that the amount in controversy exceeds $75,000.

On November 8, 2011, defendants filed a motion to consolidate this action with another action, *Martinez v. HSBC Bank USA N.A., et al.*, CV No. 11-06104 MMM (PJWx).[3] In that case, the Martinezes are the plaintiffs and allege various causes of action against HSBC Bank and other defendants regarding the foreclosure of the property.

On December 12, 2011, the court issued an order to show cause why this case should not be remanded for lack of subject matter jurisdiction.[4] Defendant David Martinez filed a response to the court's order on January 9, 2012.[5] Plaintiff then filed a reply to Martinez's response.[6]

## II.  DISCUSSION

### A.    Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and

---

[2]Notice of Removal at ¶ 9.

[3]Motion to Consolidate Cases, Docket No. 6 (Nov. 8, 2011).

[4]Order to Show Cause, Docket No. 9 (Dec. 12, 2011).

[5]Reply to Order to Show Cause re: Why Action Should Not Be Remanded ("Martinez Response"), Docket No. 12 (Jan. 9, 2012).

[6]Reply of Plaintiff to Order to Show Cause Why Action Should Not Be Re: Why Action Should Not Be Remanded ("Reply"), Docket No. 14 (Jan. 17, 2012).

"[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.      Whether the Requirements for Diversity Jurisdiction Are Met

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between "(1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); see also *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

Fannie Mae filed this action as a limited civil case, and alleged that the amount sought did not exceed $10,000.[7] The complaint seeks restitution of the property, damages at a daily rate to be determined at trial, and costs.[8] See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $25,000 as limited civil cases). When the complaint itself pleads an amount in controversy below the jurisdictional threshold, the removing defendant must demonstrate to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).

To show that the amount in controversy requirement is satisfied, defendants proffer evidence that the home was purchased for $337,084.84 at the foreclosure sale.[9] In an unlawful detainer action,

---

[7]Complaint at 1.

[8]*Id.* at 4.

[9]Martinez Response at 6. Defendants also cite the damages claim in their Second Amended Complaint in *Martinez v. HSBC Bank USA N.A., et al.*, CV No. 11-06104 MMM (PJWx), which seeks $100,000 in compensatory damages and $500,000 in special damages. The damages alleged in a separate complaint are not relevant in determining the amount in controversy in *this* action, however.

however, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. See *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat. Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages. Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property"). Consequently, the purchase price of the property is not relevant to assessing the damages Fannie Mae seeks in *this* action.

Moreover, defendants themselves note that the $337,084.84 sales price of the property and the $100,000 in damages sought in their own action "do[] not represent the figures for the removal."[10] The complaint clearly states that Fannie Mae seeks to recover no more than $10,000 based upon a daily rate to be determined calculated from August 22, 2011 until the date the Martinezes vacate the property. The Martinezes adduce no evidence to the contrary. Because the Martinezes have not shown to a legal certainty that the amount in controversy is more than the $10,000 Fannie Mae alleges in the complaint, the court does not have diversity jurisdiction to hear this action.

### C. Whether the Requirements for Federal Question Jurisdiction are Met

As the party invoking federal jurisdiction in this case, defendants bear the burden of establishing the existence of subject matter jurisdiction. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

---

[10]*Id.*.

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law causes of action. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction. *Merrell Dow*, 478 U.S. at 813.

Fannie Mae's complaint does not, on its face, raise a federal question. Fannie Mae states a single unlawful detainer claim, which arises under state law and falls outside federal question jurisdiction. See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL*,* 2009 WL 5218006*,* *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

While the Martinezes contend in their notice of removal that TILA applies in this case, Fannie Mae's complaint does not mention TILA. Insofar as the Martinezes assert TILA violations as a defense to the unlawful detainer action, it is well established that a defense does not provide a basis for federal jurisdiction. See *Deutsche Bank Nat. Trust Co. v. Soto*, No. CV 11-1149 PA (AGRx), 2011 WL 590286, * (C.D. Cal. Feb. 9, 2011) ("[N]either an actual nor an anticipated federal counterclaim can form a basis for removal"); *Aurora Loan Services, LLC v. Montoya*, No. 2:11–cv–2485–MCE–KJN–PS, 2011 WL 5508926, *4 (E.D. Cal. Nov. 9, 2011) ("Even if they are premised upon federal law, plaintiff's potential defenses or counterclaims cannot provide the basis for removal jurisdiction here"). "The mere mention of federal statutes, absent assertion of a claim under those statutes, does not provide grounds for federal question jurisdiction." *Moore v. City of*

*Los Angeles*, No. 09-02587, 2009 WL 1705682, *3 (C.D. Cal. 2009).

Thus, the court lacks federal question jurisdiction to hear this action.

### D.     Whether Subject Matter Jurisdiction Exists on Other Grounds

The Martinezes also contend that the court has subject matter jurisdiction for two additional reasons.  First, they assert that "the 'first-to-file' rule is applicable" because "Martinez filed his Verfied Complaint before [Fannie Mae] filed [its] Unlawful Detainer Complaint."[11]  The first-to-file rule is a principle of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district court. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); see also *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 623, 625 (9th Cir. 1991) (under the first-to-file rule, a district court may transfer, stay, or dismiss an action when a similar case has previously been filed in another federal court).  Putting aside the fact that the first-to-file rule is a rule of comity between two *federal* courts, and that it generally causes courts to *decline* to exercise jurisdiction over the second-filed action, rather than to accept it, application of the rule presupposes that a district court has a valid basis for exercising jurisdiction over the second-filed action.  See *Pacesetter Systems, Inc.*, 678 F.2d at 95 ("Normally sound judicial administration would indicate that when two identical actions are filed in courts *of concurrent jurisdiction*, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action" (emphasis added)).  Only state court actions that could originally have been filed in federal court can be removed.  28 U.S.C. § 1441(a); see *Caterpillar*, 482 U.S. at 392; *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).  As discussed, here the court has neither federal question nor diversity jurisdiction to hear the action.  The Martinezes' reliance upon the first-to-file rule is thus unavailing.

Second, the Martinezes contend that "when there are concurrent proceedings in state and federal court and both suits are *in rem* or *quasi in rem* actions, the court first assuming jurisdiction over the property maintains jurisdiction to the exclusion of the other."[12]  They appear to assert that the prior exclusive jurisdiction doctrine applies, relying on *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939).  In that case, both a state and a federal court had exercised *in rem* jurisdiction over a certain piece of property.  *Id.* at 459.  The Court held that as *in rem* and *quasi in rem* actions require the court to have "possession" or "control of the property which is the subject of the litigation," the jurisdiction of one court had to "yield to that of the other."  *Id.* at 466.  Because the state court action was the first filed, and dealt with the same *res*, the Court held that the federal court lacked jurisdiction to hear a later-filed action.  *Id.* at 467-68.  See *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) ("The prior exclusive jurisdiction doctrine holds

---

[11]*Id.* at 4.

[12]*Id.* at 5.

that 'when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*,'" quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)); see also *Donovan v. Dallas*, 390 U.S. 408, 412 (1964) (in *in rem* or *quasi in rem* proceedings, the state or federal court having custody of the property has exclusive jurisdiction to proceed).

Here, David Martinez's federal complaint, filed July 25, 2011, alleged a quiet title claim. The Ninth Circuit has previously held that under California law, "[a] quiet title action is a proceeding *in rem*." *40235 Washington Street Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir. 1992) (citing 2 Witkin, CAL. PROCEDURE (3D), Jurisdiction § 180 (3rd ed. 1985)). Fannie Mae's complaint, filed August 25, 2011, pleads an unlawful detainer claim. Martinez's response notes that unlawful detainer actions have been categorized as *quasi in rem* actions. See *Scherbenske v. Wachovia Mortgage, FSB*, 626 F.Supp.2d 1052, 1057 (E.D. Cal. 2009) (citing *Park v. Powers*, 2 Cal.2d 590, 598-99 (1935)). Recently, however, the Ninth Circuit noted that "courts in other jurisdictions have issued conflicting statements about the proper characterization of quiet title and unlawful detainer actions." *Chapman*, 651 F.3d at 1047 (noting that quiet title and unlawful detainer actions have variously been characterized as *in rem*, *in personam*, and *quasi in rem* proceedings and collecting cases, including *Lusardi*). *Chapman* indicates that a proper determination of the character of the action requires an analysis of the state law upon which the action is founded. *Id.* at 1048 (certifying to the Nevada Supreme Court the question whether under Nevada law, quiet title and unlawful detainer actions are *in personam*, *in rem*, or *quasi in rem* actions).

Liberally construed, the Martinezes' argument is that because David Martinez filed a federal action that constituted an *in rem* proceeding, another court is divested of jurisdiction to hear a later-filed complaint addressing the same *res*. Even if the court assumed that the two proceedings were both *in rem* or *quasi in rem* actions (an issue it does not resolve here), under the prior exclusive jurisdiction doctrine an earlier-filed federal court action *divests* a state court of jurisdiction to hear a later-filed case involving the same *res*. It does not confer jurisdiction on the federal court to hear the state court action. The Martinezes apparently assert that David Martinez's federal complaint necessarily means that any other action concerning the same *res must* be heard in federal court. *Princess Lida*, *Chapman*, and their progeny do not so hold.

In fact, the existence of subject matter jurisdiction is a threshold inquiry. Without jurisdiction, a court has no power to act in a particular case. See, e.g., *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Before the court could determine whether the prior exclusive jurisdiction doctrine applies, it would have to have an independent basis upon which to assert jurisdiction over the case. See *Chapman*, 651 F.3d at 1045 n. 2 (confirming federal court's diversity jurisdiction to hear later-filed action before discussing whether prior exclusive jurisdiction doctrine applied). The Martinezes cite no authority suggesting that the exclusive jurisdiction doctrine vests a court with jurisdiction it would otherwise lack. Thus, while the prior exclusive jurisdiction doctrine (assuming that California law has a parallel doctrine) may have some bearing on the state court's ability to hear Fannie Mae's unlawful detainer claim, that is a matter for the state court to resolve. It does not cure the fact that this court lacks subject matter jurisdiction to hear the unlawful

detainer action.  Consequently, Martinez's second argument also fails.

### III.  CONCLUSION

      For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith.  As this court does not have jurisdiction to hear the unlawful detainer case, David Martinez's pending motion to consolidate that case with his earlier-filed action is denied as moot.